AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means ☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>Instagram accounts identified as: @censored_camel, UID 41069262647; and @young_kvnvk_dierich, UID 8011706733; that are within the possession, custody, or control of Facebook Inc., 1601 Willow Road, Menlo Park, California | ) ) ) ) ) ) ) ) ) Case No. 21-04783M |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to <u>18 U.S.C. § 3103a(b)</u>, I find that immediate notification may have an adverse result listed in <u>18 U.S.C. § 2705</u> (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: October 19, 2021 4:08 p.m.    *Rozella A. Oliver* (signature)
                                                                          Judge's signature

City and state: Los Angeles, CA    Rozella A. Oliver, U.S. Magistrate Judge
                                                          *Printed name and title*

AUSA: Judith Heinz (213) 894-7280

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: 21-04783M | Date and time warrant executed:<br>October 20, 2021    1406 hours | Copy of warrant and inventory left with:<br>Served to Facebook, INC. |

Inventory made in the presence of :
digital search

Inventory of the property taken and name of any person(s) seized:

Records related to social media accounts

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: October 20. 2021

*Danielle Quiros*
*Executing officer's signature*

Agent Danielle Quiros
*Printed name and title*

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

This warrant applies to information associated with the Instagram accounts identified as:

Instagram account @censored_camel, UID 41069262647; and

Instagram account @young_kvnvk_dierich, UID 8011706733; (collectively, the "SUBJECT ACCOUNTS") that are within the possession, custody, or control of Facebook Inc., a company that accepts service of legal process at 1601 Willow Road, Menlo Park, California, regardless of where such information is stored, held, or maintained.

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

I. <u>SEARCH PROCEDURES</u>

    1.   The warrant will be presented to personnel of Facebook, Inc. (the "PROVIDER"), who will be directed to isolate the information described in Section II below.

    2.   To minimize any disruption of service to third parties, the PROVIDER's employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the information described in Section II below.

    3.   The PROVIDER's employees will provide in electronic form the exact duplicate of the information described in Section II below to the law enforcement personnel specified below in Section IV.

    4.   With respect to contents of wire and electronic communications produced by the PROVIDER (hereafter, "content records," see Section II.10.a. below), law enforcement agents and/or individuals assisting law enforcement and acting at their direction (the "search team") will examine such content records pursuant to search procedures specifically designed to identify items to be seized under this warrant. The search shall extract and seize only the specific items to be seized under this warrant (see Section III below). The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques. The review of the electronic data may

be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

    5. The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

    6. The search team will complete its search of the content records as soon as is practicable but not to exceed 120 days from the date of receipt from the PROVIDER of the response to this warrant. The government will not search the content records beyond this 120-day period without first obtaining an extension of time order from the Court.

    7. Once the search team has completed its review of the content records and created copies of the items seized pursuant to the warrant, the original production from the PROVIDER will be sealed -- and preserved by the search team for authenticity and chain of custody purposes -- until further order of the Court. Thereafter, the search team will not access the data from the sealed original production which fell outside the scope of the items to be seized absent further order of the Court.

8. The special procedures relating to digital data found in this warrant govern only the search of digital data pursuant to the authority conferred by this warrant and do not apply to any search of digital data pursuant to any other court order.

9. Pursuant to 18 U.S.C. § 2703(g) the presence of an agent is not required for service or execution of this warrant.

## II. INFORMATION TO BE DISCLOSED BY THE PROVIDER

10. To the extent that the information described in Attachment A is within the possession, custody, or control of the PROVIDER, regardless of whether such information is located within or outside of the United States, including any information that has been deleted but is still available to the PROVIDER, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose the following information to the government for each SUBJECT ACCOUNT listed in Attachment A:

   a. All contents of all wire and electronic communications associated with the SUBJECT ACCOUNTS, limited to that which occurred (1) between June 14, 2018 and August 31, 2020 for Instagram account @young_kvnvk_dierich, and (2) between August 31, 2020 and the date of this warrant for Instagram account @censored_camel, UID 41069262647,[7] including:

---

[7] To the extent it is not reasonably feasible for the PROVIDER to restrict any categories of records based on this date restriction (for example, because a date filter is not available for such data), the PROVIDER shall disclose those records in its possession at the time the warrant is served upon it.

        i.   All emails, communications, or messages of any kind associated with the SUBJECT ACCOUNT, including stored or preserved copies of messages sent to and from the account, draft messages, deleted messages, and messages maintained in trash or any other folders or tags or labels, as well as all header information associated with each email or message (including the actual IP addresses of the sender and recipients of the emails), and any related documents or attachments.

        ii.  All records or other information stored by subscriber(s) of the SUBJECT ACCOUNT, including address books, contact and buddy lists, calendar data, pictures, videos, notes, texts, links, user profiles, account settings, access logs, and files.

        iii. All records pertaining to communications between the PROVIDER and any person regarding the SUBJECT ACCOUNT, including contacts with support services and records of actions taken.

        iv.  All data and information associated with the profile page of the SUBJECT ACCOUNT, including photographs, "bios," and profile backgrounds and themes;

        v.   All communications or other messages sent or received by the SUBJECT ACCOUNT, including via Instagram Direct;

        vi.  All user content created, uploaded, or shared by the SUBJECT ACCOUNT, including any comments made by the SUBJECT ACCOUNT on photographs, videos, or other content;

vii.  All photographs, videos, images, comments, captions, and hashtags, as well as any metadata associated therewith, in the user gallery for the SUBJECT ACCOUNT;

viii.  All location data associated with the SUBJECT ACCOUNT, or with photographs, videos, or other content, including geotags;

ix.  All records of Instagram searches performed by the SUBJECT ACCOUNT, including all past searches saved by the SUBJECT ACCOUNT;

x.  A list of all of the people that the user of the SUBJECT ACCOUNT follows on Instagram and all people who are following the user (i.e., the user's "following" list and "followers" list), as well as any "friends" of the user;

xi.  A list of all users that the SUBJECT ACCOUNT has "unfollowed" or blocked;

b.  All other records and information, including:

i.  All subscriber information, including the date on which the account was created, the length of service, the IP address used to register the account, the subscriber's full name(s), screen name(s), any alternate names, other account names or email addresses associated with the account, linked accounts, telephone numbers, physical addresses, and other identifying information regarding the subscriber, including any removed or changed names, email addresses, telephone numbers or physical addresses, the types of service utilized, account status, account settings, login IP addresses associated with session dates and times, as well as means and source of payment,

including detailed billing records, **and including any changes made to any subscriber information** or services, including specifically changes made to secondary email accounts, phone numbers, passwords, identity or address information, or types of services used, and including the dates on which such changes occurred, for the SUBJECT ACCOUNTS.

   ii. All user connection logs and transactional information of all activity relating to the SUBJECT ACCOUNTS described above in Section II.10.a., including all log files, dates, times, durations, data transfer volumes, methods of connection, IP addresses, ports, routing information, dial-ups, and locations, and including specifically the specific product name or service to which the connection was made.

   iii. All privacy and account settings of the SUBJECT ACCOUNTS, including past and present account status;

   iv. All information about connections between the SUBJECT ACCOUNTS and third-party websites and applications;

**III. INFORMATION TO BE SEIZED BY THE GOVERNMENT**

11. For each SUBJECT ACCOUNT listed in Attachment A, the search team may seize:

   a. All information described above in Section II.10.a. that constitutes evidence, contraband, fruits, or instrumentalities of violations of Title 18, United States Code, Section 371 (Conspiracy); Title 18, United States Code, Section 844(i)(Attempting to Maliciously Damage by Means of an Explosive Real Property Used in Any Activity Affecting Interstate Commerce); and Title 18, United States Code, Section 2339B

(Conspiring and Attempting to Provide, and Providing, Material Support or Resources to a Designated Foreign Terrorist Organization) (the "SUBJECT OFFENSES"), namely:

    i.    Information relating to who created, accessed, or used the SUBJECT ACCOUNT, including records about their identities and whereabouts;

    ii.    Information related to how and when the SUBJECT ACCOUNT was accessed or used;

    iii.  Information related to terrorism, or the support of terrorism, including text messages, photographs, images, logs, phonebooks, documents, browsing history, communications on third party applications, location information, calendar entries, stored audio communications, written notes, contacts, emails, and web browsing history;

    iv.   Information related to explosives or intent to damage property, including text messages, photographs, images, logs, phonebooks, documents, browsing history, communications on third party applications, location information, calendar entries, stored audio communications, written notes, contacts, emails, and web browsing history;

    v.    Information related to involvement in the Subject Offenses by Sean Ziegenbein, Abraham Qurashi and others yet unknown to include information relating to their identities, whereabouts, communications, and methods of contact and communication; and

    b.    All records and information described above in Section II.10.b.

## IV. PROVIDER PROCEDURES

12.  IT IS ORDERED that the PROVIDER shall deliver the information set forth in Section II within 10 days of the service of this warrant.  The PROVIDER shall send such information to:

>  Danielle Quiros
>  11000 Wilshire Blvd. #1700 Los Angeles, CA 90024
>  Phone:   (310)996-4948
>  E-mail:  dquiros@fbi.gov

13.  IT IS FURTHER ORDERED that the PROVIDER shall provide the name and contact information for all employees who conduct the search and produce the records responsive to this warrant.

14.  IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that the PROVIDER shall not notify any person, including the subscriber(s) of each account identified in Attachment A, of the existence of the warrant, until further order of the Court, until written notice is provided by the United States Attorney's Office that nondisclosure is no longer required, or until one year from the date this warrant is signed by the magistrate judge or such later date as may be set by the Court upon application for an extension by the United States. Upon expiration of this order, at least ten business days prior to disclosing the existence of the warrant, the PROVIDER shall notify the agent identified in paragraph 12 above of its intent to so notify.

viii